IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| QURIO HOLDINGS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | 14-cv-7502 |
| | ) | |
| v. | ) | Judge John Z. Lee |
| | ) | |
| DIRECTV, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are the parties' cross-motions to transfer. Plaintiff Qurio Holdings, Inc. ("Qurio"), seeks to transfer this patent infringement lawsuit against Defendant DIRECTV, LLC ("DIRECTV") to the Eastern District of North Carolina, principally because its inventors and engineering department are located in Raleigh. On the other hand, DIRECTV seeks to transfer this case to the Northern District of California, arguing that a number of third-party witnesses reside in the San Francisco Bay Area. DIRECTV also contends that the Northern District of California is the more efficient forum for patent disputes. For the reasons provided herein, the Court transfers this case to the Northern District of California.

**I. Factual and Procedural Background**

Qurio filed this lawsuit against DIRECTV for infringing three patents that are "generally directed to utilizing mobile devices to control content played by a plurality of media devices" and "to providing communication and interconnection between a first network and a second network." *See* Am. Compl. ¶¶ 11, 13. Qurio also filed two similar patent infringement lawsuits in this District against other broadcast and media technology companies based on the same patents: *Qurio v. DISH Network Corp.*, 14-cv-7504 ("*DISH* case") and *Qurio v. Comcast Corp.*,

14-cv-7488 ("*Comcast* case").[1]  These cases were assigned to Judge Kennelly, who then ordered that they be transferred to other districts.

With respect to the *DISH* case, Judge Kennelly transferred the action to the Northern District of California, finding that Qurio's initial choice of the Northern District of Illinois was entitled to minimal deference and that many of the accused functionalities and non-party infringement-related witnesses were present in the Northern District of California.  *See* Feb. 9, 2015 Mem. Opinion Order, *DISH*, 14-cv-7504 (Kennelly, J.).  That same day, Judge Kennelly transferred the *Comcast* case to the Eastern District of Pennsylvania.  *See* Feb. 9, 2015 Mem. Opinion Order, *Comcast*, 14-cv-7488 (Kennelly, J.).  In so doing, Judge Kennelly found that the accused products were developed there and a number of significant witnesses resided there.  *See id.* 12.

With *DISH* and *Comcast* now pending in separate districts, neither side wishes to litigate the present case in the Northern District of Illinois.  Both parties ask the Court to transfer this case pursuant to 28 U.S.C. § 1404(a) – DIRECT to the Northern District of California, and Qurio to the Eastern District of North Carolina.

## II. Legal Standard

"A federal district court, in which a suit is filed with proper venue, may '[f]or the convenience of parties and witnesses, in the interest of justice . . . transfer any civil action to any other district or division where it might have been brought.'" *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986) (quoting 28 U.S.C. § 1404(a)).  "A plaintiff, as well as a defendant, may move for transfer of venue under § 1404(a)." *Id.*

---

[1]   Qurio asserts one additional claim of infringement against Comcast based on a separate patent. *See Comcast*, 14-cv-7488, Pl.'s Mot. Consolidation 2 n.2 (noting that Qurio also asserts infringement of United States Patent No. 7,996,482 against Comcast).

"Transfer is appropriate under Section 1404(a) where: (1) venue is proper in both the transferor court and the transferee court; (2) the transferee district is more convenient for the parties and witnesses; and (3) transfer would serve the interests of justice." *Body Sci. LLC v. Boston Scientific Corp.*, 846 F. Supp. 2d 980, 991 (N.D. Ill. 2012).

### III. Analysis

#### A. Venue Is Proper In All Districts

As a threshold matter, the Court finds that venue is proper in all three judicial districts in question. "Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). As to the Northern District of Illinois, both parties agree that venue is appropriate here. *See* Def.'s Mot. Transfer, 8; Am. Compl. ¶ 6. Both parties also agree that venue in the Eastern District of North Carolina, Qurio's preferred forum, is proper. *See* Pl.'s Mot. Transfer 6–7; Def.'s Mem. Opp'n 7. The Court agrees, given that DIRECTV does business in both the Northern District of Illinois and the Eastern District of North Carolina. It sells accused products and provides services to subscribers in Chicago and has a developer residing in Chicago. *See* Def.'s Mot. Transfer 8. DIRECTV does likewise in the Eastern District of North Carolina. *See* Def.'s Mem. Opp'n 7.

The parties, however, dispute the propriety of venue in the Northern District of California. Qurio argues that DIRECTV does not have a regular and established business practice in the Northern District of California. But, as DIRECTV clarifies in its reply brief, it maintains a home service site in the Northern District of California. *See* Def.'s Reply 2 n.3 (citing Ex. 1, ¶ 2). DIRECTV also operates nationwide and engages subscribers in the Northern District of California just as it does in the Northern District of Illinois and the Eastern District of

North Carolina.  Accordingly, the Court concludes that venue is proper in the Northern District of California as well.[2]

### B.     The Convenience of Parties and Witnesses

In addition to the existence of venue, the Court must also weigh the convenience of the parties and witnesses in each forum.  "In considering the convenience of one venue over another, courts consider five factors: (1) the plaintiff's choice of forum; (2) the situs of material events; (3) the relative ease of access to sources of proof; (4) the convenience of the witnesses; and (5) the convenience to the parties of litigating in the respective forums."  *Body Sci. LLC*, 846 F. Supp. 2d at 992 (citing *Research Automation, Inc. v. Schrader–Bridgeport Int'l, Inc.,* 626 F.3d 973, 978 (7th Cir. 2010)).  These factors favor transfer to the Northern District of California.

#### 1.     Plaintiff's Choice of Forum

"In general, a plaintiff's choice of forum is given considerable deference."  *Body Sci. LLC*, 846 F. Supp. 2d at 992.  This means that "[a] district court grants an automatic degree of deference to a plaintiff's chosen forum for filing a suit such that 'unless the balance strongly favors transfer, the plaintiff's choice of forum should not be disturbed.'"  *Craik v. Boeing Co.*, 37 F.Supp.3d 954, 960 (N.D. Ill. 2013).  However, "[a]s essential as the plaintiff's choice of forum is, it is not absolute; and it may be neutralized as a factor weighing against transfer."  *Id.*  A plaintiff's choice of forum may be entitled to less deference "when the forum is not the plaintiff's home or residence," "when another forum has a stronger relationship to the dispute," or "when the forum of plaintiff's choice has no significant connection to the situs of material

---

[2]    Additionally, Qurio neither has raised a factual dispute to challenge DIRECTV's assertion of venue in the Northern District of California nor has requested an evidentiary hearing on the matter. Consequently, DIRECTV's *prima facie* showing of venue will suffice. *See TechnoLines, LP v. GST AutoLeather, Inc.*, 799 F. Supp. 2d 871, 874 (N.D. Ill. 2011) (citing *Electronics For Imaging, Inc. v. Coyle,* 340 F.3d 1344, 1349 (Fed. Cir. 2003); *Tamburo v. Dworkin,* 601 F.3d 693, 700 (7th Cir. 2010).

4

events." *See id.* (quoting *Moore v. Motor Coach Indus.,* 487 F. Supp. 2d 1003, 1007 (N.D. Ill. 2007)).

Of course, this district *had* been Qurio's first choice when it initially filed the lawsuit. As Qurio explains, it chose to file here in the Northern District of Illinois because it had determined that it could file the other two lawsuits in this forum and hoped to gain potential efficiencies by litigating all three actions in the same district. *See DISH,* Case No. 14-cv-7488, Pl.'s Mem. Opp'n to Comcast's Mot. Transfer (noting judicial efficiencies are paramount). Now that the *DISH* and *COMCAST* cases are no longer pending in this district, however, Qurio apparently has had a change of heart and sees greener pastures in its second choice – the Eastern District of North Carolina. But courts generally give less deference to a plaintiff's second choice of forum. *See FPC Corp. v. Uniplast, Inc.*, 994 F.Supp. 945, 946 (N.D. Ill. 1998) ("It is one thing to give great weight to plaintiff's initial choice of forum, but it seems odd that a plaintiff who has chosen an improper forum should have great weight given to [its] second choice.") (quoting 15 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3848 at 394 (2d ed. 1986)); *see also Leiker v. Jarvis Products Corp.*, No. 90-1179-C, 1990 WL 112974, at *2 (D. Kan. July 10, 1990) ("[i]f they were accorded the same favored status, a motion to transfer venue could become an unchecked tool for the plaintiff to shop among forums and between judges."). In fact, where a plaintiff seeks to transfer a case away from its initially chosen forum, courts in this district have required a change in circumstances justifying the transfer. *See, e.g.*, *Warner-Lambert Co. v. Apotex Corp.*, No. 98 C 4293, 2001 WL 854854, at *2 (N.D. Ill. July 27, 2001) ("[S]ince Plaintiff chose Illinois as the forum in the first place, Plaintiff must demonstrate a change in circumstance that has occurred since the filing of the action which warrant a change of venue.") (internal quotations omitted). Qurio offers none here.

Qurio's request to transfer this case to Raleigh is all the more puzzling given its prior arguments that significant efficiencies would be obtained by litigating these cases in one district. *See, e.g.*, *Comcast*, 14-cv-7488, Pl.'s Mot. Consolidation 4 ("Consolidation of pretrial proceedings will reduce the need for duplicative discovery, minimize judicial review of common legal issues, prevent inconsistent claim construction rulings, prevent inconsistent validity rulings, and promote efficient judicial administration."); *DISH*, 14-cv-7504, Pl.'s Opp'n Def.'s Mot. Transfer 13 (opposing transfer to California because of the possibility of consolidation in the Northern District of Illinois); 12/17/14 Hr'g Tr. ("[W]e plan to file a motion to ask that the cases be consolidated not just for fact discovery but also for claim construction, for validity issues that would be common across all three cases"). After all, the *DISH* case is now pending in the Northern District of California, and if there are efficiencies to be gained in litigating three cases in a single forum, it stands to reason that efficiencies may also be gained by litigating two cases in one place. But Qurio asks this Court to transfer this case to an entirely different forum, leaving the cases pending in three geographically disparate districts. This inconsistency raises the specter of forum-shopping and weighs against any deference to Qurio's preference to proceed in North Carolina.

### 2. The *Situs* of Material Events

The Court next considers the site of material events. "[S]ome courts in this district . . . have considered this factor to be less important in a patent case because the trier of fact determines patent infringement by comparing the alleged infringing device with the language of the claims*.*" *Craik*, 37 F. Supp. 3d at 960. However, courts have also recognized that "the Federal Circuit has continued to consider the location that the allegedly infringing products were researched, developed and tested when considering this factor." *Id.* Additionally, "[c]ourts

typically focus on the location of the allegedly infringing sales or the alleged infringer's place of business; however, where a defendant sells its products throughout the country, the fact that the defendant also sells its products in Illinois is not determinative." *Addiction & Detoxification Inst., LLC v. Rapid Drug Detox Ctr.,* No. 11-CV-7992, 2013 WL 951115, at *2 (N.D. Ill. Mar. 11, 2013). Put differently, "the sale of an accused product offered nationwide does not give rise to a substantial interest in any single venue." *In re Acer Am. Corp.*, 626 F.3d 1252, 1256 (Fed. Cir. 2010), *as amended* (Jan. 13, 2011).

According to Qurio, this factor is neutral and does not favor either party for two reasons. First, Qurio argues that this factor does not usually weigh heavily in patent cases. *See* Pl.'s Mot. Transfer 8–9. Second, Qurio points out that because DIRECTV has three corporate offices spread between El Segundo, California, Denver, Colorado, and New York City, determining a single locus of events would prove difficult. *See id.*

In response, DIRECTV argues that the Northern District of California is the site of material events because it is where the overwhelming part of the third-party technologies, which go into the accused devices, were developed, including encryption technologies, networking standards, and content protection technology. *See* Def.'s Mem. Opp'n 10; Ex. 20, Decl. Ronald Coslick, ¶¶ 11–36. DIRECTV also notes that the accused products were primarily developed in DIRECTV's engineering group working in El Segundo, California (in the Central District of California), while the design and development of certain features of the accused products was done by third parties in California. *See id* ¶ 4.

Although it may well be that the Northern District of California is the home for many of the third parties who have contributed aspects of the accused devices, Defendants do not convincingly explain why these third parties will be relevant or, if relevant, why close proximity

to these companies will be necessary, particularly in this day and age when documents can be easily transmitted electronically. Accordingly, the Court finds that this factor does not favor either party.

### 3.     Ease of Access to Sources of Proof

On balance, the Court places little weight on this factor. "In terms of electronic sources of proof, this factor minimally favors transfer." *Craik*, 37 F. Supp. 3d at 961. This is because "documents now are easily scanned, stored, and electronically transmitted, [and] moving them no longer creates the onerous burden it may once have imposed." *Body Sci. LLC*, 846 F. Supp. 2d at 995 (quoting *Unomedical A/S v. Smiths Medical MD, Inc.*, No. 09–4375, 2010 WL 2680144, at *2 (N.D. Ill. June 30, 2010)). "However, the location of and ease of access to *physical* evidence is accorded more weight." *Craik*, 37 F. Supp. 3d at 961 (emphasis added).

DIRECTV, again, tethers its argument to third-party developers. In addition, DIRECTV argues that the *physical* evidence — essentially, physical systems constituting prior art developed around the San Francisco Bay Area — makes transfer to the Northern District of California appropriate. *See* Def.'s Mot. Transfer 10 ("physical systems embodied in the prior art patents are prior art . . . located with their manufacturers in the Northern District of California."). But DIRECTV does not identify *specific* physical systems and thus fails to meet its burden to "clearly" show that the Northern District of California is a more convenient transfer forum. *See* Pl.'s Mem. Opp'n 6–7 (citing *Rabbit Tanaka Corp. USA v. Paradies Shops, Inc.*, 598 F. Supp. 2d 836, 841 (N.D. Ill. 2009)).

Though the presence of physical evidence from third-party developers may bear on the convenience factor, given the nature of patent cases, its bearing likely will be minimal. As such, this factor, if true, weighs only slightly in favor of transfer.

### 4. Convenience of the Witnesses

As courts routinely recognize, "[a]ssessing the convenience of the witnesses between venues is the singular most important undertaking in many transfer analyses." *Craik*, 37 F. Supp. 3d at 962. "In making this determination, a district court will look to the nature and quality of the witnesses' testimony with respect to the issues of the case, with a keen eye towards those persons who will have to physically leave home in order to appear at and prepare for trial." *Id.* "The convenience of party witnesses is less relevant than the convenience of non-party witnesses, since party witnesses normally must appear voluntarily." *Amorose v. C.H. Robinson Worldwide, Inc.*, 521 F. Supp. 2d 731, 736 (N.D. Ill. 2007). The extent to which non-party witnesses would incur more travel expenses by having to appear in one forum versus another is a "central measure" of convenience. *See Craik*, 37 F. Supp. 3d at 962.

Here, DIRECTV has identified numerous product-related third-party witnesses and prior art related third-party witnesses who reside in the San Francisco Bay Area. *See* Def.'s Mot. Transfer 4–6. In contrast, Qurio identifies only two specific witnesses who live in the Eastern District of North Carolina, and of the two, only one, the named inventor Alfredo Issa, is a non-party witness. Although Qurio concedes that it has of all of Issa's documents related to Qurio and the patents-in-suit, it nevertheless contends that it is likely Issa will be called as a witness because he is the sole named inventor on one of the patents. *See* Pl.'s Reply 9.

Given the numerous potential third-party witnesses identified by DIRECTV, on balance, the Court finds that this factor weighs in favor of transfer to the Northern District of California.

### 5. Convenience of the Parties

"In evaluating the convenience to the parties of litigating in one district versus another, a district court considers the parties' respective residences and their ability to bear the expenses of

litigating in a particular forum." *Craik*, 37 F. Supp. 3d at 961 (quotations omitted). "The convenience of the parties is less important than the convenience of nonparty witnesses because party witnesses are expected to appear voluntarily." *Id.* Here, the Court finds neither the inconvenience of DIRECTV nor that of Qurio compels transfer to a particular forum.

DIRECTV argues that, because it is headquartered in El Segundo, California, taking intra-Californian flights is more convenient than flying cross-country to Raleigh. *See* Def.'s Mot. Transfer 11. While the difference in the cost of these airline tickets is not insubstantial, DIRECTV is a large corporation operating nationally and is likely able to bear the expense of litigating in various forums. The Court does not believe that the additional cost of the plane tickets will not be a material cost in DIRECTV's efforts to mount a defense in this matter.

The Court likewise finds Qurio's claimed difficulties less than compelling. Qurio argues that it is a smaller company and thus less able to bear the expense of litigating in Northern California. The Court is not insensitive to this concern. But Qurio will presumably be litigating the *DISH* case in Northern California at the same time as it would this case. Litigating in two districts presumably will be less costly and more efficient than litigating in three. Moreover, Qurio, while not as large as DIRECTV, is not a small "mom-and-pop" operation; it has engineering operations in Raleigh, is registered in Delaware as a corporation, and has its principal place of business in New Hampshire. Finally, Qurio chose initially to file its three patent infringement cases in the Northern District of Illinois, which, though not as far from Raleigh as San Francisco, still is a significant distance to travel.

For these reasons, the Court finds that, on balance, this factor is neutral.

### C. Interests of Justice

"To determine which venue will better serve the interest of justice, a district court will contemplate the following: (1) the speed at which a case will proceed to trial or disposition, (2) the court's familiarity with the applicable law, and (3) the desire to have the dispute resolved in a particular forum." *Craik*, 37 F. Supp. 3d at 962. "The 'interest of justice' analysis relates, then, to the efficient functioning of the courts, not to the merits of the underlying dispute." *Coffey*, 796 F.2d at 221. It "may be determinative in a particular case, even if the convenience of the parties and witnesses might call for a different result." *Id.* at 220. The Court finds that the interests of justice also favor transfer to the Northern District of California.

#### 1. Time to Trial

Qurio and DIRECTV joust with various statistics concerning time to trial in the Eastern District of North Carolina as compared to the Northern District of California. *Compare* Pl.'s Mot. Transfer 15 (Federal Court Management Statistics showing that the Eastern District of North Carolina is 23% more efficient than the Northern District of Illinois in time to trial); *with* Def.'s Mot. Transfer 15 (comparing three metrics in patent case statistics between Northern District of Illinois, the Northern District of California, and the Eastern District of North Carolina and finding that the Northern District of California is the speediest). The more compelling of these statistics are those cited by DIRECTV that examine time to claim construction, mature termination, and jury trial in *patent* cases. *See* Def.'s Reply 13 (Table).

What the statistics reveal is that the median time to claims construction is 17.6 months in the Northern District of California as opposed to 25.2 months in the Eastern District of North Carolina; the median time to mature termination is 21.1 months in the Northern District of California as opposed to 32.3 months in the Eastern District of North Carolina; and median time

to a jury trial in the Northern District of California is 26.8 months, whereas the Eastern District of North Carolina has no held a patent trial in the last five years. *See id.* These differences are not insignificant.

But even more compelling than the statistics is the possibility of consolidation, which the Seventh Circuit has recognized weighs in favor of transfer. *See Coffey*, 796 F.2d at 221 (noting that "related litigation should be transferred to a forum where consolidation is feasible"). The *DISH* case, which Qurio sought to consolidate with its case against DIRECTV, has been transferred to the Northern District of California. *See* Feb. 9, 2015 Mem. Opinion Order, *DISH*, 14-cv-7504 (Kennelly, J.). This is significant. Indeed, Qurio's original reason for filing its three patent infringement lawsuits in the same district was consolidation. If this case is transferred to the Northern District of California, Qurio will be able to seek consolidation anew. *See* N.D.C.A. Local Rule 3-12.

Even in the absence of consolidation, informal synergies could be brought to bear to save costs and reduce duplicative proceedings. While litigating in the San Francisco Bay Area may present modest geographical difficulties for Qurio, the potential cost savings of having the *DISH* and *DIRECTV* cases in the same district (albeit not this one) still exist. Again, Qurio's earlier arguments for consolidation support this view. For these reasons, the time to trial and judicial efficiency factors favor transfer to the Northern District of California.

### 2. Familiarity With Applicable Law

Generally, because patent law is federal law that is uniform throughout the county, this factor usually comes out in a neutral repose. Typically, "relative familiarity with the applicable law is not an issue in a patent infringement case, as the applicable law is the same nationwide." *Rabbit Tanaka Corp. USA*, 598 F. Supp. 2d at 841. This is the case more generally when a case

involves federal law.  *See Amorose*, 521 F. Supp. 2d at 737 ("Because this case concerns federal law, the familiarity with applicable law is neutral here.").

DIRECTV argues that, because both the Northern District of Illinois and the Northern District of California participate in the Patent Pilot Program and the Eastern District of North Carolina does not, the former districts can be seen as having more experience.  This argument has achieved a measure of recognition in this district.  "Participation in the Patent Pilot Program is not dispositive in the evaluation; however, it is an important quality that demonstrates familiarity with patent law."  *Velocity Patent LLC v. Audi of Am., Inc.*, No. 13 C 8418, 2014 WL 4100481, at *6 (N.D. Ill. Aug. 19, 2014).  Although it should be noted that the Eastern District of North Carolina has promulgated local patent rules, on balance, the Court finds that this factor weighs in favor of transfer to the Northern District of California.

### 3. The Local Forum's Interest In This Dispute

Both parties urge that their respective chosen transferee forums have a local interest in this dispute.  Qurio argues that, because Qurio exists in Raleigh, North Carolina, and because the inventors on the patents-in-suit, Gregory Morgan Evans and Alfredo C. Issa, work and reside in Raleigh, North Carolina has an interest in ensuring that the property rights of its citizens are protected.  *See* Pl.'s Reply 13.  DIRECTV counters that, because various third-party companies and inventors that created and manufactured components integrated into the accused products reside in the San Francisco Bay Area, the Northern District of California has a local interest in this dispute.  *See, e.g.*, Def.'s Mot. Transfer 14.  On balance, the Court finds that this factor is neutral.

## IV. Weighing of the Factors

After examining all the above factors, the Court finds that they weigh in favor of transfer to the Northern District of California. First, although a plaintiff's choice of forum is typically given deference, here, the Eastern District of North Carolina is Qurio's second choice. Furthermore, Qurio's present desire to litigate this case in North Carolina even though the *DISH* case is pending in California, is inconsistent with its previous insistences that the three cases should be consolidated. The Court thus gives Qurio's second choice of forum little deference. Of course, there are conveniences cited by the parties on both sides. Qurio identifies relevant cost considerations and one specific non-party witness, though on closer analysis, these factors are not as compelling. DIRECTV relies on the convenience of having in the Northern District of California a number of third-party companies, who developed technologies that are incorporated into the accused product. The presence of these third-party developers weighs modestly in favor of transfer to the Northern District of California.

Most compelling here are the potential judicial efficiencies to be gained now that the *DISH* case has been transferred to the Northern District of California. The parties will have an opportunity to consolidate at least two of the three patent infringement suits that were filed here. Given that, and the speed with which the Northern District of California adjudicates patent disputes, the Court believes that the interests of justice weigh heavily in favor of transferring the case to the Northern District of California.

## Conclusion

Defendant's motions to transfer venue [48], [55], are granted. This clerk is directed to transfer this case to the Northern District of California. Plaintiff's motion to transfer venue [45] is denied.

**SO ORDERED**                                **ENTERED   4/29/15**

                                                    **John Z. Lee**
                                                    **United States District Judge**